8886

ANDREWS v. ATLANTIC COAST LINE RAILROAD CO.

(82 S. E. 403.)

CARRIERS. PENALTIES FOR FAILURE TO SETTLE CLAIMS WITHIN FORTY DAYS. ESTOPPEL. EVIDENCE.

1. Where consignee having claim against carrier receives within forty days, from the carrier an order for payment of money, knowing that the order was delivered as payment, and retains it until the expiration of the forty days, and then returns it to the carrier, he

is estopped to claim the penalty for failure to settle within forty days.

2. Testimony as to former settlement of claims made by plaintiff against the carrier by means of written orders like that left with plaintiff was admissible in evidence, on question of settlement.

3. In an action against a carrier for loss on freight and penalty for nonpayment within 40 days, testimony as to defendant's dealings with other claimants was properly excluded.

Before SEASE, J., Sumter, November, 1913. Reversed.

Action by W. J. Andrews and M. H. Andrews, doing business as W. J. Andrews & Son, against Atlantic Coast Line Railroad Company. From judgment for plaintiff, defendant appeals.

The facts are stated in the opinion of the Court.

*Mr. Mark Reynolds,* for appellant, cites: *Not necessary to plead estoppel:* 27 S. C. 235; 3 S. E. 214; 6 Enc. Pl. & Pr. 356; 81 S. C. 332. *Waiver cannot be plead as an estoppel; it is evidence only:* 15 Phila. 217; *and may be shown under general issue:* 8 Enc. Pl. & Pr. 6, 7; 98 Mich. 591. *Instructions as to waiver, and exclusion of evidence with reference thereto erroneous:* 71 S. C. 329.

*Messrs. L. D. Jennings* and *R. D. Epps,* for respondent.

July 17, 1914.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This is an action for seventy-two cents loss on freight and fifty dollars penalty, for nonpayment within forty days. There is evidence that an agent of the defendant called at the plaintiff's place of business and left an order for the payment of the seventy-two cents within the forty days. That the place of destination was not a pay station

and the order was payable at Sumter, several miles away. That one of the plaintiffs knew that the order was in his store, but did not return it, nor notify the agent that he would not accept it, until after the expiration of the forty days.    One of the plaintiffs testified: "Q. Then don't you think he had the right to assume that you had gone and gotten your money?    A. I guess he could suppose so if he wanted to, for I had been taking payment that way; the ones that passed through his hands."    The plaintiffs were not bound to take anything but money, but they could not legally demand or bring suit for the money while he still held the defendant's order for the money.    The evidence is not clear as to when the order was returned.    One of the plaintiffs at first refused to return the order.    If the plaintiffs received through their agent an order for the money, and they knew it had been delivered as payment, and had received other orders as payment, and did not notify the defendant that the order would not be accepted as payment until the penalty had accrued, then the plaintiffs are estopped to claim the penalty.

The magistrate was not in error in excluding evidence as to dealings with other claimants, but was in error in excluding evidence as to the former dealings with plaintiffs.

There are many exceptions in which there are many repetitions, but the above covers them all.

The judgment is reversed.